UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| Robert Cadena,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Receivables Performance Management, L.L.C.,<br><br>　　　　　Defendant. | Civil Action No.: 7:15-cv-00195<br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Robert Cadena, by undersigned counsel, states as follows:

## **JURISDICTION**

1.　　This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.　　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

3.　　Plaintiff, Robert Cadena ("Plaintiff"), is an adult individual residing in Crane, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4.　　Defendant, Receivables Performance Management, L.L.C. ("RPM"), is a Washington business entity with an address of 20816 44th Avenue, West Lynnwood, Washington 98036, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.**     **The Debt**

5.     Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.     The Debt was purchased, assigned or transferred to RPM for collection, or RPM was employed by the Creditor to collect the Debt.

8.     Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.**     **Receivables Engages in Harassment and Abusive Tactics**

9.     On or about July 1, 2015, RPM began calling Plaintiff's cellular telephone, number 432-XXX-1760, in an attempt to collect the Debt.

10.     At all times mentioned herein, RPM called Plaintiff using an automatic telephone dialing system ("ATDS" or "predictive dialer") and using an artificial prerecorded voice.

11.     When Plaintiff answered calls from RPM, he heard a prerecorded message instructing him to hold for the next available representative.

12.     On or about July 16, 2015, Plaintiff waited on the line to speak with a live representative.  The representative informed Plaintiff that RPM was willing to settle the Debt for 50% of the balance owed.

13.     Plaintiff requested documentation regarding the settlement offer, and RPM agreed to send it.

14. In addition, Plaintiff requested that RPM cease all calls to his cellular telephone number.

15. RPM failed to send Plaintiff any documents regarding settlement as agreed.

16. Moreover, RPM continued to place automated calls to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

19. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

20. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect the Debt.

21. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

23. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Defendant placed automated calls to Plaintiff's cellular telephone number in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

26. Defendants continued to place automated calls to Plaintiff's cellular telephone despite knowing that it lacked consent to do so.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

27. The telephone number called by Defendant was assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

28. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

29. Defendant's telephone system has the capacity to store numbers in a random and sequential manner and Defendant uses the system to place the calls.

30. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

31. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) a;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 15, 2015

Respectfully submitted,

By: __/s/ Sergei Lemberg__

Sergei Lemberg, *Attorney-in-Charge*
Connecticut Bar No. 425027
LEMBERG LAW, LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: slemberg@lemberglaw.com
Attorneys for Plaintiff